UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JAMES RIDER,

    Plaintiff,

v.

STILLMAN, P.C.,

    Defendant.

_____/

Civil Case No. 21-12660
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF NO. 8)

On November 15, 2021, Plaintiff Joseph Rider filed this action against the law firm of Stillman P.C., alleging violations under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Counts II and III), and the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.901 *et seq.* (Count I). (ECF No. 1.) Defendant is a third-party debt collector who primarily collects on defaulted debts through lawsuits. This action stems from Defendant's attempts to collect on a debt allegedly not owed by Rider. Rider alleges that Defendant filed and maintained a collection lawsuit without proof, made false statements, and disclosed debt information by placing a summons and complaint in the hands of a process server. (*Id.*, Pg ID 2.)

Presently, this matter is before the Court on Defendant's Motion for Judgment on the Pleadings. (ECF No. 8.) The motion has been fully briefed (ECF Nos. 9, 10.) and is appropriate for determination without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

**I.    Standard of Review**

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

## II. Factual and Procedural History

Rider alleges that he is a "consumer" as defined in the FDCPA. (Compl. ¶ 18, ECF No. 1 at Pg ID 6.) As a third-party debt collector and collection agency, Defendant was collecting on defaulted credit debt for Second Round Sub, LLC ("Second Round"), which was assigned a debt from Synchrony Bank. (*Id*. ¶¶ 13,

3

15-16, Pg ID 5.) On June 25, 2021, Defendant filed a summons and complaint in the Saginaw District Court in Michigan against Rider, seeking a judgment of $4,949.39 plus costs for an alleged debt owed. (Ex. 1, ECF No. 1-1 at Pg ID 19-21.) Rider received the summons and complaint from a process server on July 7, 2021. (Compl. ¶ 24, ECF 1, at Pg ID 7; *id*., Pg ID 22.) Defendant disclosed the allegedly owed debt and Rider's information to the process server. (Compl. ¶ 37, ECF No. 1 Pg ID 10.) On July 19, 2021, Rider answered the state court complaint denying that he owed the debt and stating that he believed the debt to be "credit fraud" in his name. (Ex. 3, ECF No. 1-1 at Pg ID 26.)

On September 22, 2021, at Defendant's request, Rider completed an ID Theft Affidavit, stating that he first filed a police report over the alleged identity theft on September 2, 2021.[1] (Compl. ¶ 28, ECF No. 1 at Pg ID 7; Ex. 2, 4, ECF No. 1-1 at Pg ID 24, 28-32.) On September 27, 2021, Defendant filed a motion for summary disposition in the state court case demanding $5,182.41 for the debt owed, costs, and a statutory attorney fee. (Compl. ¶ 29, ECF No. 1 at Pg ID 8; Ex. 5, ECF No. 1-1 at Pg ID 34-43.) The motion acknowledged Rider's answer to the complaint denying owing the debt but did not mention the police report or identity

---

[1] The affidavit has a date and time stamp of October 31, 2021, on the top margin of the document but is signed by Rider on September 22, 2021. This fact suggests that the document may have been transmitted to an unknown party in October 2021 but signed in September 2021.

4

theft affidavit. (Ex. 5, ECF No. 1-1 at Pg ID 38.) Further, the Defendant argued that Rider failed to offer an affirmative defense or documentary evidence showing that he did not owe the debt. (*Id*., Pg ID 40.)

On October 18, 2021, an attorney for Rider filed an appearance in the state court matter. (Compl. ¶ 33, ECF No. 1 at Pg ID 9; Ex. 6, ECF No. 1-1 at Pg ID 45-48.) The attorney also filed a new affidavit from Rider signed on October 16, 2021, stating that the debt was not his and that it was causing him stress and anxiety to hire an attorney to defend the lawsuit. (*Id*.) On October 20, 2021, Defendant dismissed the state court lawsuit with prejudice. (Compl. ¶ 34, ECF No. 1 at Pg ID 9.)

### III. Applicable Law & Analysis

In his Complaint, Rider challenges the manner in which Defendant collected on an alleged debt owed. Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006) (quoting 15 U.S.C. § 1692(a)). "The statute is very broad, and was intended to remedy 'what [Congress] considered to be a widespread problem.'" *Id*. (quoting *Frey v. Gangwish*, 970 F.2d 1516, 1521

5

(6th Cir. 1992)). The statute proscribes certain conduct by debt collectors and requires debt collectors to provide consumers with specific information under certain circumstances. *See* 15 U.S.C. §§ 1692b-1692j.

The Sixth Circuit has adopted the "least-sophisticated-consumer" test for analyzing whether a debt collector's practice is deceptive. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir. 1998). This is an objective test, designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 509 (6th Cir. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). "Although this standard protects naive consumers, it also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id*. at 509-10 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000)) (brackets, internal quotation marks, and additional citations omitted).

Defendant argues that Rider's complaint should be dismissed "[b]ecause . . . Rider did not suffer any actual injury, and because he cannot state a claim under the FDCPA . . . ." (ECF No. 8 at Pg ID 89.) Defendant appears to assert a standing argument in arguing that Rider did not suffer any injury. The argument that Rider lacks standing, to the extent the Court can discern, is based on the fact

6

that Defendant voluntarily dismissed the state court matter with prejudice after a settlement.[2]  However, Defendant fails to further develop this argument and Rider does not address the issue.  As the Sixth Circuit has repeatedly explained, "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)); *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) (citing *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).  As such, the Court will proceed to address the FDCPA claims on the merits.

### A. Violation of the FDCPA under 15 U.S.C. § 1692c(b) (Count II)

In Count II of the Complaint, Rider alleges a violation of the FDCPA under 15 U.S.C. § 1692c regarding improper communication in connection with debt collection.  (Compl. ECF No. 1 at Pg ID 13-14.)  Specifically, 15 U.S.C. § 1692c(b) regarding communication with third parties states as follows:

---

[2] Defendant attaches emails regarding settlement of the state lawsuit as an exhibit to its motion.  (ECF No. 8-1.)  Defendant asserts that Rider reserved and exercised the right to bring these claims despite the dismissal and settlement.  (ECF No. 8 at Pg ID 82.)  Ordinarily, the court may not consider matters outside the pleadings when deciding a motion to dismiss.  *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)).  However, the Court's decision concerning Defendant's motion would be the same regardless of whether the Court considered the emails in Defendant's exhibit as the settlement and voluntary dismissal are not germane to the FDCPA claim and manner of Defendant's collection.  Therefore, the Court finds it unnecessary to consider the emails.

> [W]ithout the prior consent of the consumer given directly to the debt collector, or *the express permission of a court of competent jurisdiction*, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b) (emphasis added).

Defendant argues for dismissal stating that "[c]ommunications consistent with state court rules concerning service of process fit within the "express permission of a court of competent jurisdiction" exceptions to §1692c."  (ECF No. 8 at Pg ID 87 (citation omitted).)  Michigan Court Rules indicate "upon the filing of a complaint, the court clerk shall issue a summons to be served as provided in MCR 2.103 and 2.105."  MCR 2.102(A).  Those rules further provide for personal service by "any legally competent adult who is not a party" to the case, like a process server.  MCR 2.103; 2.105(A)(1).

Rider responds that Defendant should have provided the process server with the summons and complaint "in a sealed envelope" to protect his "right to privacy."  (ECF No. 9 at Pg ID 112 (emphasis omitted.))  Rider does not cite any authority for this proposition.  Defendant counters that the lawsuit was publicly filed and certification under MCR 2.104(A) requires verification under MCR 1.109(D)(3), which means that the person verifying her statement has "knowledge

8

of the facts stated." (ECF No. 10 at Pg ID 190.) Defendant explains "[n]o process server could verify that a defendant was served with a copy of a summons and complaint, without knowing what was in the sealed envelope." (*Id*.)

The Court finds Defendant's arguments more availing. Moreover, the FDCPA's definition of "debt collector" excludes from liability "any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt[.]" 15 U.S.C. § 1692a(6)(D); *see also Scott v. Kelkris Assocs., Inc.*, No. CIV. 2:10-1654 WBS, 2012 WL 996578, at *7 (E.D. Cal. Mar. 23, 2012) (emphasis in original) (citation omitted) ("Even if this information were communicated by the process server, the FDCPA excludes from liability 'any person while serving or *attempting* to serve legal process on any other person in connection with the judicial enforcement of any debt.'") As such, the FDCPA contemplated process servers serving legal process in connection with the judicial enforcement of debt.

Finally, Rider argues that given the circumstances of the COVID-19 pandemic, "people are restrictive of answering their doors or meeting people, [so] the option of personal service is not an effective way to effectuate service." (ECF No. 9 at Pg ID 112.) The effectiveness of effectuating service is not an issue before the Court. Further, a judge in this district recently rejected an improper communication claim under the FDCPA based on in-person service during the

9

pandemic. *Eickenroth v. Roosen, Varchetti & Olivier, PLLC*, No. 20-11647, 2021 WL 1224912, at *6 (E.D. Mich. Mar. 31, 2021) (finding "the fear of contracting COVID-19 from a brief outdoor encounter is an alleged injury that is far too speculative to support standing.") As a matter of law, Rider has not stated a claim for relief under §1692c. As such, the Court dismisses Count II of the Complaint with prejudice.

### B. Violation of the FDCPA under 15 U.S.C. § 1692e (Count III)

In Count III of the Complaint, Rider alleges violations of the FDCPA under 15 U.S.C. §§ 1692e(5) and (10). Section 1692e of the FDCPA generally prohibits debt collectors from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt," including "[t]he false representation of the character, amount, or legal status of any debt. . . ." 15 U.S.C. §§ 1692e and e(2)(A). Rider alleges that Defendant used a false, deceptive, or misleading representation in violation of: (1) 15 U.S.C. § 1692e(5), which prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken"; and (2) 15 U.S.C. § 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." (*See* Compl. ¶ 48, ECF No. 1 at Pg ID 14-15.)

The briefing from the parties on Count III is somewhat difficult for the Court to follow as both parties conflate the analysis of the claims under 15 U.S.C. §§ 1692e(5) and (10). Further, Defendant moves for dismissal of both §§ 1692e(5) and (10) citing *Harvey* and arguing that in state court it "had every right to use the discovery process to garner support for its client's claims and to challenge [] Rider's defenses, and to file a dispositive motion if it believed it had proven its client's claims and that [] Rider's defenses were unfounded." (ECF No. 8 at Pg ID 88-89.) Defendant also asserts that "Rider's claims under 15 USC §§ 1692e(5) and (10) are flatly barred by the Sixth Circuit's holding in *Harvey* . . . ." (*Id.*, Pg ID 89.) However, the plaintiff in *Harvey* does not allege a violation of section 1692e(5).

## I. Threat to take action that cannot legally be taken pursuant to 15 U.S.C. § 1692e(5)

Defendant does not offer any meaningful analysis on why Rider's claims under § 1692e(5) should be dismissed. Nevertheless, the Court will address the claim. Section 1692e(5) prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). "Lawsuits and court filings can be a threat under the FDCPA."[3] *Perry v. Cavalry*

---

[3] *Compare Delawder v. Platinum Fin. Serv. Corp.*, 443 F. Supp. 2d 942, 948 (S.D. Ohio 2005) (emphasis in original) (dismissing a § 1692e(5) claim because

11

*SPV I, LLC*, No. 18-10311, 2018 WL 3912995, at *7 (E.D. Mich. Aug. 16, 2018) (citing *Currier v. First Resol. Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014)).  "But for a lawsuit to violate the FDCPA, it must be *unlawful*." *Id*. (emphasis in original) (citations omitted).  An example of a case found to violate § 1692e(5) as unlawful include "filing a garnishment request without reasonable grounds for jurisdiction." *Thompson v. Renner*, No. 21-1366, 2022 WL 1262002, at *4 (6th Cir. Apr. 28, 2022); *see also Smith v. LVNV Funding, L.L.C.*, 894 F. Supp. 2d 1045, 1050 (E.D. Tenn. 2012) (finding § 1692e(5) violation where there was a "threat to take (or the taking) of an action an entity could not legally take without being properly licensed . . . .")

According to Rider's Complaint, Defendant violated § 1692e(5) of the FDCPA by filing suit without a signed credit card agreement or account statements showing that he owed the debt at issue.  (Compl. ¶ 48, ECF No. 1 at Pg ID 14-15.)  For reasons to be discussed later in the opinion, this is not per se unlawful, and those types of proof are not required.  Rider further explains that Defendant violated 15 U.S.C. § 1692e(5) when "it filed a false collection lawsuit alleging [] Rider owed debt . . .after [Defendant] received proof that [] Rider did not owe the debt . . . ."  (ECF No. 9 at Pg ID 111.)  In other words, Rider alleges that the action

---

defendants "did not *threaten* to take action, but actually took it by filing the complaint.")  As such, a district court in the Sixth Circuit has held that filing a complaint is not a "threat" pursuant to the language of 15 U.S.C. § 1692e(5).

12

of filing for summary disposition in state court was unlawful because he did not owe the debt, and he provided Defendant with an identity theft affidavit before Defendant filed the motion. As such, Rider has alleged an action that could legally be taken. *But cf. Agnir v. Gryphon Sols., LLC*, No. 12-CV-04470-LHK, 2013 WL 4082974, at *11 (N.D. Cal. Aug. 9, 2013) (finding no violation of 15 U.S.C. § 1692e(5) where defendants did not seek to collect on the account but instead contested setting aside a default judgment and complied with the appropriate legal procedures for determining its validity and then dismissed the case after the [d]efault [j]udgment was vacated.") Here, Rider has sufficiently alleged that Defendant filed for summary disposition in state court *seeking to collect* a debt from Rider *after* obtaining an affidavit from Rider attesting that the debt was a result of identity theft. This can be construed as a threat to take "action that cannot legally be taken."

## II. Use of any false representation or deceptive means to collect pursuant to 15 U.S.C. § 1692e(10)

Rider alleges that Defendant continued litigation after Rider provided information that he did not owe the debt in violation of §1692e(10). (Compl. ¶ 48, ECF No. 1 at Pg ID 14-15.) Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt …." 15 U.S.C. § 1692e(10). "Examples of conduct that violate this particular provision

13

include 'impersonating a public official,' 'falsely representing that unpaid debts will be referred to an attorney,' and 'misrepresenting the amount of the debt owed.'" *Richeson v. Javitch, Block & Rathbone, LLP*, 576 F. Supp. 2d 861, 867 (N.D. Ohio 2008) (citing *Harvey*, 453 F.3d at 330).

Defendant moves for dismissal citing *Harvey*. (ECF No. 8 at Pg ID 88-89.) In *Harvey*, the plaintiff asserted that the defendant's filing of a state court collection action knowing that it had no documentation to prove the debt's existence was a deceptive debt collection practice in violation of 15 U.S.C. § 1692e(10). *Harvey,* 453 F.3d at 326. The Sixth Circuit in *Harvey* held that filing a claim without sufficient written evidence of the alleged debt, without more, does not amount to a deceptive act under Section 1692e. *Id*. at 333; *see also Lipa v. Asset Acceptance, LLC*, 572 F. Supp. 2d 841, 850 (E.D. Mich. 2008) (citing *Harvey,* 453 F.3d at 329) (finding that allegation of the creditor not producing proof of debt at the time they filed a lawsuit in state court without more was not a deceptive or false means in violation of 15 U.S.C. § 1692e). Here Defendant's conduct of filing a lawsuit in state court without a signed credit card agreement or account statements, in itself, is not a violation of the FDCPA.

Secondly, as previously stated, Defendant filed the motion for summary disposition in state court *after* obtaining information that Rider had denied owing the debt. If Defendant knew that the debt at issue was a product of identity theft

14

and still pursued the debt, Rider could conceivably sustain a claim under § 1692e(10). *See Richeson*, 576 F. Supp. 2d 861 at 867 ("Based upon the facts set forth in the complaint, the only scenario under which [p]laintiff conceivably could sustain a claim under [section] 1692e(10) is if [the debt collector] in fact knew that the debt at issue was the product of identity theft but sent [p]laintiff the [notice of debt] anyway."); *but cf. Taylor v. Midland Credit Mgmt., Inc.*, No. 1:07-CV-582, 2008 WL 544548, at *3 (W.D. Mich. Feb. 26, 2008) (noting that plaintiff did not send in an identity theft affidavit when requested, which supported the court's holding that defendant's conduct was not false or misleading representations under section 1692e.); *Collins v. Portfolio Recovery Assocs., LLC*, No. 2:12-CV-138, 2013 WL 9805805, at *6 (E.D. Tenn. June 7, 2013) (Plaintiff failed to present any evidence defendants had or should have had knowledge that plaintiff did not owe the debt; thus, a material fact remained as to whether defendants made any false representations regarding the debt in violation of § 1692e(10) of the FDCPA.)

Rider pleads that upon request from Defendant, he completed a police report and affidavit of identity theft. However, it appears that Defendant subsequently filed a motion for summary disposition in state court seeking a judgment on the debt owed. Therefore, the Court concludes that Rider has sufficiently alleged violation of both §§ 1692e(5) and (10) of the FDCPA based upon Defendant's

attempts to collect on a debt when it had reason to know Rider had filed an identity theft affidavit.

### C. State Law Claim (Count I)

Defendant does not move to dismiss the remaining state claim of a violation of the MOC (Count I) but requests that the Court decline to exercise supplemental jurisdiction. (ECF No. 8 at Pg ID 85 n.1.) Rider responds that he would agree to have the MOC violation claim remanded to the state court. (ECF No. 9 at Pg ID 125.) The Court assumes that Rider's concession only applies if the Court dismisses his federal claims. As the Court has found that one of Rider's FDCPA claims is sufficiently pleaded, the Court accepts supplemental jurisdiction over Rider's state law claim.

Accordingly,

**IT IS ORDERED** that Defendant's motion for judgment on the pleadings (ECF No. 8) is **GRANTED IN PART AND DENIED IN PART** in that Count II of the Complaint, only, is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: August 19, 2022