UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH JAMES RIDER,

    Plaintiff,

v.                                         Civil Case No. 21-12660
                                              Honorable Linda V. Parker

STILLMAN, P.C.,

    Defendant.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO 13)

This action arises out of a debt collection attempt on a debt allegedly not owed by Plaintiff. On November 15, 2021, Plaintiff Joseph Rider filed this action against the law firm of Stillman P.C., which is a third-party debt collector who primarily collects on defaulted debts through lawsuits. In the Complaint, Rider alleges violations under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Counts II and III), and the Michigan Occupational Code ("MOC"), MICH. COMP. LAWS § 339.901 *et seq.* (Count I). (ECF No. 1.) Specifically, Rider alleges that Defendant filed and maintained a collection lawsuit without proof.

On January 3, 2022, Defendant filed a Motion for Judgment on the Pleadings, ECF No. 8, which the Court granted in part and denied in part. (ECF

No. 11.) In the order, the Court dismissed Count II and allowed Counts I and III to proceed with litigation. (*Id.* at Pg ID 210.) The matter is presently before the Court on Defendant's Motion to Dismiss. (ECF No. 13.) The motion is fully briefed. (ECF Nos. 17, 18.) Finding the facts and legal arguments sufficiently presented by the parties, the Court is dispensing with oral argument with respect to the parties' motions pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court is denying Defendant's motion.

## STATEMENT OF FACTS

As a third-party debt collector and collection agency, Defendant was collecting on defaulted credit debt for Second Round Sub, LLC ("Second Round"), which was assigned a debt from Synchrony Bank. (*Id*. ¶¶ 13, 15-16, Pg ID 5.) On June 25, 2021, Defendant filed a summons and complaint in the Saginaw District Court in Michigan against Rider, seeking a judgment of $4,949.39 plus costs for an alleged debt owed. (Ex. 1, ECF No. 1-1 at Pg ID 19-21.) Rider received the summons and complaint from a process server on July 7, 2021. (Compl. ¶ 24, ECF 1, at Pg ID 7; *id*., Pg ID 22.) Defendant disclosed the allegedly owed debt and Rider's information to the process server. (Compl. ¶ 37, ECF No. 1 Pg ID 10.) On July 19, 2021, Rider answered the state court complaint denying that he owed the debt and stating that he believed the debt to be "credit fraud" in his name. (Ex. 3, ECF No. 1-1 at Pg ID 26.)

2

On September 22, 2021, at Defendant's request, Rider completed an ID Theft Affidavit, stating that he first filed a police report over the alleged identity theft on September 2, 2021. (Compl. ¶ 28, ECF No. 1 at Pg ID 7; Ex. 2, 4, ECF No. 1-1 at Pg ID 24, 28-32.) On September 27, 2021, Defendant filed a motion for summary disposition in the state court case demanding $5,182.41 for the debt owed, costs, and a statutory attorney fee. (Compl. ¶ 29, ECF No. 1 at Pg ID 8; Ex. 5, ECF No. 1-1 at Pg ID 34-43.) The motion acknowledged Rider's answer to the complaint denying owing the debt but did not mention the police report or identity theft affidavit. (Ex. 5, ECF No. 1-1 at Pg ID 38.) Further, the Defendant argued that Rider failed to offer an affirmative defense or documentary evidence showing that he did not owe the debt. (*Id.*, Pg ID 40.)

On October 18, 2021, an attorney for Rider filed an appearance in the state court matter. (Compl. ¶ 33, ECF No. 1 at Pg ID 9; Ex. 6, ECF No. 1-1 at Pg ID 45-48.) The attorney also filed a new affidavit from Rider signed on October 16, 2021, stating that the debt was not his and that it was causing him stress and anxiety to hire an attorney to defend the lawsuit. (*Id.*) On October 20, 2021, Defendant dismissed the state court lawsuit with prejudice. (Compl. ¶ 34, ECF No. 1 at Pg ID 9.)

## STANDARD OF REVIEW

Defendant maintains that Rider's Complaint should be dismissed because this Court does not have jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "Rule 12(b)(1) motions to dismiss for lack of jurisdiction generally come in two varieties: a facial attack or a factual attack." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). A facial attack challenges the sufficiency of the pleading itself. In that instance, the court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974)). A factual attack, in comparison, challenges "the factual existence of subject matter jurisdiction." *Id*.

When a factual attack is raised, the district court must weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Gentek Bldg. Prods.*, 491 F.3d at 330 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "In its review, the district court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve jurisdictional facts." *Id*. "[W]hen a defendant produces evidence challenging the factual existence of [subject matter jurisdiction], a plaintiff must generally prove [subject matter jurisdiction] with evidence, even at

the motion-to-dismiss stage." *Harris v. Lexington-Fayette Urban Cnty. Gov't*, 685 F. App'x 470, 472 (6th Cir. 2017) (citing *Taylor v. KeyCorp.*, 680 F.3d 609, 613 (6th Cir. 2012); *Superior MRI Servs., Inc. v. All Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)).

## ANALYSIS

Defendant maintains that Rider lacks Article III standing to bring his claims because he has not suffered an actual injury. (ECF No.13 at Pg ID 218.) The Court disagrees. Three elements are required to establish standing under Article III. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff must allege facts showing that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of . . . [D]efendant[s], and (3) that it is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan*, 504 U.S. at 560–61).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). To be "particularized," the injury must impact "the plaintiff in a personal and individual way." *Id.* (quotation marks and citations omitted). A "concrete" injury is one that actually exists. *Id*. at 340. Rider alleges that due to Defendant's potentially unlawful filing of the summary disposition motion in state

5

court, he suffered "damages to his financial and personal reputation" and "great stress and anxiety and financial loss with further litigation after showing Defendant Stillman through the police and Defendant's own ID Theft Affidavit that he did not owe the debt he was being sued for . . . ." (ECF No. 1 at Pg ID 13-14.)

### Reputational Harm

First, Defendant maintains that Rider's reputational damage does not rise to the level of being considered an injury in fact under *Iqbal*. *See* 556 U.S. at 678. The Court agrees.  The Supreme Court determined that although "traditional tangible harms, such as physical harms and monetary harms" qualify as concrete injuries, "various intangible harms can also be concrete." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (discussing *Spokeo*, 578 U.S. at 340).  And "[c]hief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* Thus, the Court concluded that reputational harm may be a concrete injury for purposes of Article III standing. *Id.*  Here, Rider does not attempt to argue or allege facts to show that the damage to his reputation by the alleged unlawful filing of the summary disposition bears a "close relationship" to a harm recognized by American courts.  *See id.* at 2208 (noting that reputational harm associated with the tort of defamation would qualify as a concrete injury).  As such, Rider's purported reputational harm is not an injury in fact for purposes of Article III standing.

6

**Stress and Anxiety**

Next, Defendant maintains that Rider's claims of "stress and anxiety" do not provide an injury in fact because "general claims of stress and anxiety do not qualify as actual injuries that could give rise to Article III standing in an FDCPA case." (ECF No. 13 at Pg ID 219 (citing *Garland v. Orlans, PC*, 999 F.3d 432, 439–40 (6th Cir. 2021).)  In *Garland*, the Sixth Circuit engaged in a three part analysis to determine whether the plaintiff's allegation of anxiety amounted to a cognizable harm for purposes of standing.  First, the court determined that "a bare allegation of anxiety is an intangible harm without "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit." *Garland*, 999 F.3d at 439 (citing *Spokeo*, 136 S. Ct. at 1559).  Specifically, the closest common law analogues to psychological injuries require them to be "extreme" or "outrageous" in nature regarding the underlying conduct.  *Id.* (citing *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 864 (6th Cir. 2020)).  Here, Rider has not demonstrated the severity of the anxiety he alleges other than to note that he retained counsel because of the filing of the summary disposition motion; this is merely a bare allegation.  *See id.* at 440 (citation omitted) (noting that "[s]omeone who feels slightly nervous has not suffered the type of severe emotional harm cognizable at common law. Were that so, everyone would have standing to litigate about everything.") (internal quotations omitted).

7

Next, in order for anxiety to be a cognizable injury, a plaintiff must show that the future harm is "certainly impending," *Id.* at 438 (citing *Buchholz*, 946 F.3d at 865), and finally, the impending fear of future harm causing the alleged anxiety cannot be considered "too speculative to qualify as an injury in fact." *Id.* at 440 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013)). Rider also fails to satisfy these prongs because he maintains that Defendant's filing of the summary disposition motion, the threat of continued litigation, and a potential judgment (future harm) caused the anxiety. However, it appears to the Court that the anxiety Rider felt was not the fear of the filing of the continued litigation but the ultimate outcome of potentially losing and being forced to pay the allegedly "*false recovery upon misrepresentations that Mr. Rider owed the debt*." (ECF No. 17 at Pg ID 234.) Rider's fear of a potential judgment against him—although the affidavit may have produced an alternate outcome—cannot be considered "certainly impending" but rather "too speculative" to qualify as an injury in fact for purposes of Article III standing.

### Financial Loss

Defendant maintains that Rider's allegation of financial loss is "vague" because he "does not allege that he actually made a payment or otherwise suffered any financial loss as a result of the underlying motion . . . ." (ECF No. 13 at Pg ID 220.) In support of its argument, Defendant cites non-binding caselaw from the

8

Fifth Circuit, which involved a plaintiff who received a debt collection letter and alleged that she suffered harm because, among other reasons, "the letter required her to consult an attorney to determine the enforceability of the debt." *See Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 820–21 (5th Cir. 2022). The *Perez* court determined that "[a]bsent an allegation that Perez paid her attorney anything for the consultation, we must assume that her purported injury is solely lost time." *Id.* at 825. Thus, the court concluded that the time the debtor "wasted" by consulting with her lawyer after she received a letter did not amount to a concrete injury for purposes of the FDCPA. *Id*. However, *Perez* is clearly distinguishable.

Unlike in *Perez*, Rider claims that he had "gone to the effort and *financial costs* of obtaining legal counsel to represent him" after Defendant filed the state court motion despite obtaining documentation Rider did not owe the debt. (ECF No. 1 at Pg ID 9, ¶ 35 (emphasis added).) Because Rider stated that he incurred "financial loss," the Court does not have to assume, as the *Perez* court did, that Rider's injury is lost time. *See Perez,* 45 F.4th at 825. The fact that Rider did not specifically state that he "actually made a payment" is irrelevant. (ECF No. 13 at Pg ID 220.) At the motion to dismiss stage, Rider only needs to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.*

9

*Twombly*, 550 U.S. 544, 570 (2007)). Rider's claim of a financial loss—not a loss of time—is a concrete, tangible injury for purposes of Article III standing. *See TransUnion LLC*, 141 S. Ct. at 2204 ("If a defendant has caused physical or monetary injury to the plaintiff, the plaintiff has suffered a concrete injury in fact under Article III."); *Cf. Gucwa v. Lawley*, 731 F. App'x 408, 415 (6th Cir. 2018) ("Because Marusza did not allege personal *financial loss* in the original complaint or the two amended complaints, he has not established standing.") (emphasis added).

Further, Rider's financial loss is both (1) traceable to Defendant's conduct as Rider would not have retained counsel but for Defendant filing the allegedly unlawful state court motion, and (2) redressable by a favorable decision from this Court. *See Parsons v. U.S. Dep't of Just.*, 801 F.3d 701, 715 (6th Cir. 2015) ("[A] plaintiff satisfies the redressability requirement when he shows that a favorable decision will relieve a discrete injury to himself.") (quoting *Larson v. Valente,* 456 U.S. 228, 244 n.15 (1982)); *see also In re Duramax Diesel Litig.*, 298 F. Supp. 3d 1037, 1053 (E.D. Mich. 2018) ("And financial damages are, of course, fully redressable by a favorable decision."). Rider has established Article III standing, and thus, this Court has jurisdiction over the remaining claims.

10

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (ECF No. 13) pursuant to Rule 12(b)(1) is **DENIED**.

**SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 10, 2023